IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MOLLY SPETHMANN, | ) | |
| | ) | |
| *Plaintiff*, | ) | 08 C 2996 |
| v. | ) | |
| | ) | |
| WILLIAM GIBSON and TIMOTHY J. KENNEDY, INC. | ) | Honorable David H. Coar |
| | ) | |
| *Defendants*. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before this court is an uncontested motion for summary judgment filed by Plaintiff Molly Spethmann ("Plaintiff") against Defendants William Gibson and Timothy J. Kennedy, Inc. Plaintiff seeks summary judgment in her favor on the issue of Defendants' negligence and on Defendants' affirmative defense that Plaintiff was contributorily negligent. For the reasons stated below, Plaintiff's motion for summary judgment is DENIED.

**FACTS**[1]

On or about May 30, 2006, Plaintiff was driving northbound on Naperville-Plainfield Road near the intersection of 135th Street in the County of Will. After the minivan in front of her engaged its right turn signal and decelerated, Plaintiff also slowed her vehicle. Defendant William Gibson crashed the semi-trailer truck that he was driving into the rear of Plaintiff's

---

[1] Unless otherwise noted, the following facts are undisputed and derived from the Plaintiff's statement submitted pursuant to Local Rule 56.1. Because the Defendants failed to file a response or dispute the Plaintiffs' statement of facts, we depart from the usual practice of construing facts in favor of the non-movant, and instead admit all properly supported facts set forth in the Defendants' 56.1(a)(3) Statement of Uncontested Facts. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. Ill. 2003); *see also Johnson v. Gudmundsson*, 35 F.3d 1104, 1108 (7th Cir. 1994).

vehicle. As a result, Plaintiff was seriously injured and suffered damage to her body. Defendant Timothy J. Kennedy, Inc., admitted in its answer that Gibson was acting as its agent and that it is liable for his actions under the doctrine of respondeat superior.

**ANALYSIS**

    A. <u>Summary Judgment Standard</u>

A party seeking summary judgment has the burden of showing that there are no genuine issues of material fact that would prevent judgment as a matter of law. Fed. R. Civ. P. 56. When reviewing a motion for summary judgment, the court will "view all facts and draw all inferences in the light most favorable to the non-moving party." *Chortek v. City of Milwaukee,* 356 F.3d 740, 745 (7th Cir. 2004). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir. 1989). A genuine issue of material fact exists only where there is sufficient evidence favoring the nonmoving party to support a jury verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). All reasonable inferences must be viewed in favor of the nonmoving party. *Holland v. Jefferson Nat'l Life Ins. Co.*, 883 F.2d 1307, 1312 (7th Cir. 1989).

Defendants failed to respond to Plaintiff's motion for summary judgment and Local Rule 56.1 Statement of Uncontested Facts. Although the court generally construes facts in favor of the non-moving party in the context of a motion for summary judgment, a party's failure to respond to a movant's Statement of Uncontested Facts results in the admission of the statement for the purposes of the motion. *See Smith*, 321 F.3d at 683; *see also* N.D. Ill. L.R. 56.1(b). .

    B. Claims

Plaintiff first seeks summary judgment on the issue of whether Defendant was liable. In order to prevail in an action for negligence, the Plaintiff must show that the defendants owed a duty, defendants breached that duty, and breach of that duty was the proximate cause of injury to the Plaintiff. *Benner v. Bell,* 602 N.E.2d 896 (Ill.App.Ct. 1992). It is uncontested that Defendant William Gibson, while driving a semi-trailer truck, crashed into the rear of Plaintiff's vehicle. Under Illinois law, "[t]he driver of a car has a duty to see other cars traveling ahead in the traffic lane and to be sufficiently in control of his or her own vehicle so as to be able to stop it without running into other traffic lawfully on the roadway." *Korpalski v. Lyman*, 449 N.E.2d 211, 214 (Ill. App. Ct. 1983). Gibson breached this duty, which proximately caused injury to Plaintiff. Although a rear-end collision does not automatically create an inference that Defendants were negligent, *id.*, Defendants have not come forward with any evidence that the accident was unavoidable or that Gibson was behaving reasonably under the circumstances. Therefore, under Fed. R. Civ. Pro. 56(d)(1), it is established for purposes of trial that Defendants behaved negligently. However, under Illinois law, the Court cannot grant summary judgment in Plaintiff's favor on the issue of liability unless it is determined that her contributory fault was less than 50% of the proximate cause of the injury. 735 ILCS 5/2-1116(c).

Plaintiff seeks judgment in her favor on Defendant's affirmative defense of contributory negligence. In support of her argument, she cites her own affidavit in which she states that she was at all times operating her vehicle in a prudent and reasonably safe manner. Whether Plaintiff behaved in a prudent and reasonable manner is a mixed issue of law and fact; because Plaintiff has not provided any factual predicate for her conclusion that she behaved reasonably and prudently, we will not dismiss Defendant's affirmative defense. Because the issue of contributory negligence remains, the Court cannot make a determination as to liability and

3

Plaintiff's motion for summary judgment is consequently denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is DENIED. Trial will proceed on the sole issues of apportionment of liability and assessment of damages.

Enter:

/s/ David H. Coar

_____

David H. Coar
United States District Judge

Dated: **August 25, 2009**